IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHAKA SUTTON                             :
                                         :
        v.                               :       CIVIL NO. CCB-15-1996
                                         :
MARYLAND-NATIONAL CAPITAL                :
PARK POLICE, ETAL.                        ...o0o...

## MEMORANDUM

On July 7, 2015, represented by counsel, plaintiff Chaka Sutton filed suit against the

Maryland-National Capital Park Police, the Maryland-National Capital Park and Planning

Commission, Chief Antonio Devaul (in his official capacity), Unknown Officers, and the State of

Maryland.[1]  Mr. Sutton alleged various claims under federal and state law arising out of a traffic

stop in Prince George's County on July 7, 2012.  Now pending in this case are the defendants'

motion for summary judgment and the plaintiff's cross-motion "for judgment on the pleadings

based upon defendant's dodging of the issues and evading discovery requests."  Because the

plaintiff has produced no evidentiary proof of wrongdoing by the defendants he has sued, and for

other reasons explained below, the defendants' motion must be granted.

First, while it appears clear that a traffic stop occurred, Mr. Sutton has produced no

evidence that the officers involved were employed by the National Capital Park Police.  Mr.

Sutton states that he was given a card by one of the officers at the end of the traffic stop, but he

did not keep the card.  (Ltr. from Mr. Sutton, ECF No. 24-2; Sutton Dep., at 35, 75, 84, ECF No.

24-3).  Mr. Sutton initially believed the stop was carried out by the United States Park Police;

indeed it appears he sent a letter of complaint to the Inspector General of the Department of the

Interior in August 2012.  (Defs.' Mem. in Supp. of Mot. Summ. J., ECF No. 24-1, at 3–4; Sutton

Dep., at 64–65, 82–83).  No notice was sent to the National Capital Park Police or the

---

[1] The State of Maryland has been dismissed.

Commission. (Sutton Dep., at 84). Mr. Sutton recorded the event as a video on his cell phone, but the video produced in discovery contains nothing that identifies the officers or their agency and it is not date-stamped. (Defs.' Mem. in Supp. of Mot. Summ. J., at 6, n.7). Further, defense counsel caused a search to be made for records of such a stop not only on July 7, 2012, but also July 12, 2012, and other dates mentioned by plaintiff's counsel, and found no records. (Defs.' Mem. in Supp. of Mot. Summ. J., at 6; Gandy Aff., ECF No. 24-4; Pl.'s Reply to Mot. Summ. J., at 2, ECF No. 25).[2] Plaintiff's counsel, who served no discovery on the defendants except interrogatories dated the day of the discovery deadline, neither attached nor pointed to any evidentiary support for his claims in his cross-motion for judgment, beyond the apparently inconclusive video and his client's deposition, neither of which identified the agency responsible for the stop.[3]

Second, Mr. Sutton has conceded that he failed to provide notice to these defendants, as required under Maryland's Local Government Tort Claims Act ("LGTCA"), Md. Code Ann., Cts. & Jud. Proc. Art., §§ 5-301(d)(6), 5-304(b). Nor has he shown any "good cause," as is his burden, that would excuse that failure. *Rounds v. Maryland-Nat'l Capital Park & Planning Commission*, 441 Md. 621, 109 A.3d 639, 652–53, (2015); *Prince George's Cty. v. Longtin*, 419 Md. 450, 19 A.3d 859, 869– 70 (2011). This bars his state law claims, including state constitutional torts. *See Rounds*, 109 A.3d at 650–51.

Third, to the extent he attempts to assert claims against the Commission, as opposed to an individual officer, Mr. Sutton has admitted he has no evidence or even personal knowledge beyond the single stop in July 2012 to support such claims. (Sutton Interrog. Resp., ECF No. 24-6; Sutton Dep., at 71–72, 75–76, 78, 82, 86–91). This is not sufficient to demonstrate an

---

[2] The court clarified by conference call with counsel that the defendants did search for the other dates as well as July 7, 2012.
[3] Mr. Sutton did not provide the video as an exhibit to his motion/opposition.

"official municipal policy" as required to find liability.  *Connick v. Thompson*, 563 U.S. 51, 60–61 (2011).

In summary, the court does not doubt that Mr. Sutton was subjected to a traffic stop at some point in July 2012.  It is possible some law enforcement officer may have committed a constitutional or state law violation in the course of that stop.  But there is simply no evidence to prove any claim against these defendants.  Accordingly, the defendants' motion will be granted and the plaintiff's motion will be denied.  A separate Order follows.


January 13, 2017                                         /S/
Date                                            Catherine C. Blake
                                                United States District Judge